21 F.3d 428
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 George JONES, Plaintiff-Appellant,
v.
SIMON & SCHUSTER, INC., a New Jersey corporation, and
Silver, Burdett & Ginn, a New Jersey corporation,
Defendants-Appellees.
 No. 93-1381.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1994.
 
 Before: MARTIN, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Jones appeals the order of the district court dismissing, pursuant to Federal Rule of Civil Procedure 37, his civil rights action. For the following reasons, we affirm the district court's judgment.
 
 
 2
 George Jones was discharged from his position as a textbook salesman in the Detroit, Michigan office of Silver, Burdett & Ginn, a wholly-owned subsidiary of Simon & Schuster, Inc., on December 12, 1989. On March 23, 1991, Jones initiated this action, raising racially motivated termination, retaliatory discharge, slander, and libel claims. Shortly thereafter, the defendants began a two-year struggle to obtain discovery from Jones.
 
 
 3
 The district court initially set November 26 as the discovery deadline. In July, Jones, on the advice of his counsel, refused to answer certain questions during his deposition. Over the next few months, Jones also refused to answer defendants' request for admissions, failed to respond fully to defendants' interrogatories and document requests, and moved to block resumption of his deposition. The defendants, in turn, applied for an order compelling discovery pursuant to Rule 37.
 
 
 4
 On October 31, the magistrate judge interceded to break the discovery deadlock. In an order resolving all pending discovery motions, the magistrate judge directed Jones to complete his deposition, answer the disputed questions, respond to defendants' request for admission, and provide most of the requested documents and interrogatory answers. Because he found that Jones' failure to comply with the disputed discovery obligations was not substantially justified within the meaning of Rule 37(a)(4), the magistrate judge also ordered Jones' counsel to pay the expenses incurred by defendants in obtaining the order to compel.[1]
 
 
 5
 Over the next fifteen months, the discovery period was repeatedly extended as Jones failed to comply with several pretrial orders. In November 1991, Jones canceled the continuation of his deposition at the last minute, claiming that he was unavailable to testify. After the magistrate judge granted defendants' motion to compel Jones' testimony and assessed costs of $1,281.94 against Jones' counsel, the deposition was rescheduled for March 4, 1992. On March 3, Jones' counsel notified the defendants that Jones would be unable to attend the deposition the following day. For a third time, the defendants moved to compel Jones' testimony. Simultaneously, the defendants filed a separate motion to dismiss the complaint pursuant to Rule 37 for failure to comply with the court's discovery orders.
 
 
 6
 In an effort to put the case back on track once again, the magistrate judge held evidentiary hearings on April 22 and June 25 regarding Jones' failure to appear for his deposition. After both Jones and his counsel tetified that they had received notice of the March 4 deposition but did not take any steps to reschedule the proceeding until March 3, the magistrate judge concluded that Jones' failure to appear resulted from "gross negligence and indifference on the part of plaintiff and his counsel." Joint Appendix at 329. Accordingly, by an order dated October 9, the magistrate judge assessed costs of $1,170.00 against Jones and his counsel under Rule 37(d) for their unexcused noncompliance, and directed Jones to appear for his deposition within two weeks. Despite the magistrate judge's warning that continued failure to comply could result in dismissal of his claim, Jones never testified or produced the previously ordered materials.
 
 
 7
 Instead, Jones filed yet another objection to the magistrate judge's rulings,[2] and moved to disqualify both the magistrate judge and the district judge from hearing further proceedings in the case. On December 21, the district court denied Jones' motion to disqualify, finding that the alleged bias arose only from judicial conduct compelled by the court's view of the law. Shortly thereafter, the district court gave Jones a final chance to comply with the court's discovery orders.
 
 
 8
 In a comprehensive order dated January 4, 1993, the district court denied defendants' Rule 37 motion to dismiss, and affirmed the magistrate judge's October 9, 1992, discovery order. While the court concluded that "there can be little doubt that the defendants have been prejudiced by the inability to complete discovery and that the less drastic sanctions imposed have not been effective," the district court declined to dismiss Jones' complaint because it was "not satisfied that plaintiff himself had reasonable notice in March 1992 that failure to appear at the deposition could result in dismissal of his case." J.A. at 342. Rather, the district court directed Jones to appear for his continued deposition no later than January 29, and ordered Jones to provide certain documents and answer the outstanding request for admission no later than January 13. The order expressly warned Jones that failure to comply with these dictates would result in dismissal of his case.
 
 
 9
 Jones apparently chose to disregard this warning. When Jones failed to provide the ordered discovery by January 13, the defendants filed a second motion to dismiss the complaint. Although Jones responded to the motion to dismiss, at no time did he indicate that he would produce the requested documents or appear for his deposition. Instead, Jones attempted to derail discovery yet again by filing a third notice of appeal, seeking review of the district court's nonfinal discovery order of January 4. On February 26, the district court concluded that sanctions under Rule 37(b) were warranted and dismissed Jones' complaint. This timely appeal followed.
 
 
 10
 Upon review, we find no error in the district court's dismissal of Jones' claim. When a party fails to obey a discovery order, Rule 37(b) permits a court to enter an order "dismissing the action or proceeding or any part thereof." FED.R.CIV.P. 37(b)(2)(C). Such orders are reviewable only for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).
 
 
 11
 As the district court acknowledged, the dismissal of an action "is a sanction of last resort." Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 153 (6th Cir.1988). Where, however, "a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." Id. at 154. In reviewing Rule 37(b) dismissals, this Court generally considers "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; whether the dismissed party was warned that failure to cooperate could lead to dismissal; and whether less drastic sanctions were imposed or considered before dismissal was ordered." Id. at 155 (citations omitted).
 
 
 12
 Here, the record clearly reveals that both Jones and his counsel cavalierly refused to comply with the district court's discovery orders for almost two years. Throughout this period, the defendants, who were entitled to timely adjudication of the dispute, battled to procure Jones' attendance at his own deposition and to obtain basic discovery. After the repeated imposition of financial sanctions proved unavailing, the court explicitly placed Jones on notice that continued noncompliance would lead to dismissal of his action. Despite these warnings, Jones failed to take advantage of the January 1993 reprieve offered by the court and disobeyed its final discovery order. Under these circumstances, we cannot conclude that dismissal under Rule 37 was an abuse of discretion.
 
 
 13
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 [1]
 During the same period, the magistrate judge awarded defense counsel $300.00 in expenses because Jones' counsel violated Federal Rules of Civil Procedure 11 and 12(e) and Local Rule 17 by filing a motion for a more definite statement in response to the defendants' answer
 
 
 [2]
 During 1992, Jones filed multiple objections to the magistrate judge's discovery orders. In a separate motion, Jones also sought to have the discovery orders set aside. The district court, in turn, affirmed each of the magistrate's orders and denied Jones' motion for relief. Unsatisfied with these rulings, Jones first petitioned this Court for a writ of mandamus and then appealed the denial of his motion for relief. As discovery orders are discretionary, non-final orders, panels of this Court dismissed both appeals. See Jones v. Simon & Schuster, Inc., No. 92-1237 (6th Cir. March 24, 1992); Jones v. Simon & Schuster, Inc., No. 92-2199 (6th Cir. Dec. 2, 1992)